346

James Pivirotto, Appellant *v.* Joseph Starusko, III et al., Appellees.

Argued October 9, 1981, before Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*Stephen Israel, Stone, Duffy, Israel & Cook,* for appellant.

*Stanley B. Lederman,* for appellees, Joseph Starusko, III, Devene Long and The Borough of West Homestead.

*Donald C. Fetzko,* for appellee, Steel Valley School District.

OPINION BY JUDGE BLATT, January 29, 1982:

A complaint in negligence filed against the appellees[1] by the appellant, James Pivirotto, was dismissed by the Court of Common Pleas of Allegheny County on preliminary objections. The appellant here seeks review of that decision.

On April 6, 1979, the appellant purchased a tract of land for $2101 at a sheriff's sale, which was conducted for purposes of executing on a private debt.[2] At the time of the sale, the tax liens filed by the appellees against this property for the years 1974-77 were in the amounts of $879.35 and $2,220.62, and a notice of delinquent taxes in those amounts was sent on October 18, 1979 to the appellant. Thereafter, the appellant filed the instant complaint alleging that the appellees had a statutory duty to notify the sheriff prior to the time of the sale that the said tax liens had been filed against the property and that they failed to provide such notification. He asserted that, because of such negligent failure by the appellees, he was unaware of the amount of taxes due on the property at the time of the sale and that financial harm thereby resulted to him. The appellees filed preliminary objections claiming that the appellant's complaint was barred by a nonwaivable statute of limitations and contending that the complaint failed to state a cause of action. The court below did not address the first issue but it did sustain the appellees' preliminary ob-

---

[1] Joseph Starusko, III and Devene Long as tax collectors for the other appellees, Borough of West Homestead and the Steel Valley School District.

[2] The proceeds of the sale were distributed as follows:

| | |
|---|---|
| Sheriff (cost of sale) | $335.76 |
| Treasurer, Allegheny County Taxes for 1974-78 | $604.47 |
| Judgment Debtor | $300.00 |
| Judgment Creditor | $760.90 |
| Judgment Debtor | $ 99.87 |

jection in the nature of a demurrer[3] and dismissed the complaint.

The appellant's argument is premised on his contention that Sections 1 and 2 of the Act of May 22, 1895 (Act), P.L. 111, 53 P.S. §§7104 and 7105[4], impose a duty on tax collectors to provide notice of the existence of tax liens so that a person, such as himself, who wishes to purchase real estate at a sheriff's sale can discover that the property is subject to such liens.

We must agree, however, with the court below that the notice provisions of the Act were not meant to protect the purchasers of property, but were intended to ensure that, where a sheriff's sale produces sufficient funds to cover outstanding tax liens, those liens as to which notice has been provided take priority over claims of other judgment creditors. Section 2 of the Act specifies only that notice is to be given to the person selling the land and there is no requirement that the total amount of taxes against a tract of land must

---

[3] The parties have also raised the statute of limitations argument in this appeal, but the opinion and order of the court below dealt only with the appellees' preliminary objection in the nature of a demurrer and we will limit our decision to that issue alone.

[4] 53 P.S. §§7104 and 7105 provide:

§7104. Tax lien divested by judicial sale

The lien of all taxes now or hereafter to be levied or assessed against any real estate within this Commonwealth shall be divested by any judicial sale of such land: Provided, The amount of the purchase money shall equal the amount of the said taxes.

§7105. Officer to pay taxes out of proceeds of sale

It is hereby made the duty of any officer having taxes for collection against any land advertised to be sold, or of the county commissioners before the taxes have been certified for collection, to give notice to the officers or person selling any such land of the amount of taxes against the same, and the officer selling such land shall pay said taxes out of the proceeds arising from the sale first after payment of the costs of sale.

be advertised or disclosed to potential purchasers. Such purchasers are not placed at a disadvantage, however, for such tax liens are recorded and open to inspection by any member of the public. Section 9 of the Act of May 16, 1923, P.L. 207, *as amended*, 53 P.S. §7143. The appellant's dilemma is attributable solely to his own failure to search the public records for any tax liens against the subject property, not to any negligence by the appellees in failing to provide notice of such liens to the sheriff.

We will, therefore, affirm the lower court's dismissal of the appellant's complaint.

ORDER

AND Now, this 29th day of January, 1982, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is affirmed.

Judge PALLADINO did not participate in the decision in this case.